IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHMEL WILLIAMS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:22-cv-207 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| THE DISTRICT ATTORNEY OF ) | |
| FAYETTE COUNTY and ) | |
| SUPERINTENDENT OF SCI ALBION, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 5) filed by Rahmel Williams under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Fayette County on January 19, 2017 at criminal docket number CP-26-CR-1289-2016. For the reasons below, the Court will deny the Petition with prejudice because each of Williams' claims for habeas relief are time-barred and will deny a certificate of appealability.

**I.   Relevant Background[2]**

Following a jury trial, Williams was found guilty of the crimes of reckless burning, kidnapping to inflict injury, tampering with physical evidence, simple assault, and criminal mischief. Attorney Shane Gannon represented Williams.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents attached as exhibits to their Answer (ECF 15) the relevant state court filings and decisions.

The trial court sentenced Williams on January 19, 2017 to an aggregate term of 13 years, 3 months to 31 years' incarceration. Williams, through counsel, filed a direct appeal to the Superior Court of Pennsylvania. Williams raised these claims:

> I. Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that he unlawfully removed the victim a substantial distance or confined the victim for a substantial period of time in a place of isolation so as to sustain a conviction for kidnapping?
>
> II. Did the trial court abuse its discretion in admitting as evidence two photographs of the victim's genitalia area that were taken following the alleged assault?
>
> III. Did the court err in sentencing him on the crime of simple assault to a consecutive period of incarceration to the crime of kidnapping, as the two crimes merged for sentencing purposes?
>
> IV. Did the sentencing court abuse its discretion by imposing a harsh, severe, and manifestly unreasonable and excessive sentence by sentencing him to the maximum sentence allowable by law for each offense and by running each offense in a consecutive order?

The Superior Court affirmed Williams' judgment of sentence in *Commonwealth v. Williams*, 255 WDA 2017, 2017 WL 4180222 (Pa. Super. Ct. Sept. 21, 2017) ("*Williams I*"). Williams then filed a *pro se* petition for allowance of appeal with the Supreme Court of Pennsylvania. He voluntarily discontinued this appeal to the Supreme Court on April 20, 2018. (ECF 15-10 at p. 2.) Thus, Williams' judgment of sentence became final under both state and federal law on that date. 42 Pa. Cons. Stat. § 9545(b)(3); 28 U.S.C. § 2244(d)(1)(A); *Commonwealth v. Woolstrum*, 271 A.3d 512, 514 (Pa. Super. Ct. 2022) ("When an appellant voluntarily withdraws his direct appeal, his judgment of sentence becomes final on the date of the withdrawal."); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On July 5, 2018, Williams filed a pro se petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq. (ECF 15-11 at pp. 1-7.)

The trial court, now the PCRA court, appointed Attorney James V. Natale to represent Williams. A counseled amended PCRA petition was then filed. (ECF 15-3 at pp. 1-6.)

Following a hearing, the PCRA court denied the amended PCRA petition. (ECF 15-14 at p. 1.) In Williams' subsequent appeal to the Superior Court, he claimed that the PCRA court erred in denying these claims: (1) Williams' constitutional rights were violated when the court proceeded to jury selection without him being present and Attorney Gannon was ineffective for failing to raise this issue on direct appeal; and (2) Attorney Gannon was ineffective for failing to thoroughly interview John Shumar before calling him as a defense witness.

The Superior Court affirmed the PCRA court's order in *Commonwealth v. Williams*, 240 A.3d 924 (Pa. Super. Ct. 2020) ("*Williams II*"). Williams then petitioned for allowance of appeal with the Supreme Court of Pennsylvania. The court denied this petition on February 21, 2021. *Commonwealth v. Williams*, 249 A.3d 493 (Pa. 2021)

Williams filed his Petition for a Writ of Habeas Corpus with this Court, at the very earliest, on January 26, 2022, which is the date he claims he placed it in the prison mailing system. (ECF 5 at p. 15.) He raises these claims:

Claims 1 and 2:   his constitutional rights were violated when the court proceeded to jury selection without him being present and Attorney Gannon was ineffective for failing to raise this issue on direct appeal.

Claim 3:   Attorney Gannon was ineffective for failing to thoroughly interview John Shumar before calling him as a defense witness.

Claim 4:   "the sentencing court erred in sentencing [him] to a consecutive period of incarceration for different charges in one episode."

(ECF 5 at pp. 5-11.)

In the Answer (ECF 15), Respondents assert that the Court should deny Williams' claims because they are time-barred under the applicable one-year statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at

3

28 U.S.C. § 2244(d). Williams filed a Reply (ECF 18), but he did not respond to Respondents' argument that his claims are untimely.

## II. Discussion

### A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Williams' burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). AEDPA reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

AEDPA substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

B. <u>Williams' Claims are Time-barred</u>

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d) and it requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[3] AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As explained above, Williams' judgment of sentence became final on April 20, 2018. Williams filed a PCRA petition 76 days later, on July 5, 2018. Under § 2244(d)(2), this PCRA proceeding statutorily tolled AEDPA's limitations period beginning on July 5, 2018. The PCRA proceeding remained pending through February 22, 2021, which is the date the Pennsylvania Supreme Court denied the petition for allowance of appeal that Williams filed following the Superior Court's decision in *Williams II*. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000) (same).

AEDPA's limitations period began to run again the next day, on February 23, 2021. Because 76 days had expired already from the limitations period, Williams had 289 more days—

---

[3] The date upon which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In this case, the statute of limitations for each of Williams' claims began to run on the date his judgment of sentence became final in accordance with § 2244(d)(1)(A). The remaining of provisions § 2244(d)(1) do not apply to any of Williams' claims. 28 U.S.C. § 2244(d)(1)(B)-(D).

until on or around December 9, 2021—to file a timely federal habeas petition. He did not file his Petition until January 26, 2022, thereby making the claims he raised in the Petition untimely.

The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Williams does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case. He may have not understood the ramifications of waiting to file his federal habeas petition until January 2022, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ..such inadvertence on Doe's part cannot constitute reasonable diligence.")

Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception

provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. The "miscarriage of justice" exception only applies in extraordinary cases in which the petitioner shows that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 316. This is not one of the rare cases in which the miscarriage of justice rule is implicated.

Based on the above, each of Williams' federal habeas claims are time-barred. For this reason, the Court will deny the Petition with prejudice.

**III.    Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Williams' claims should be denied as untimely. Thus, a certificate of appealability is denied with respect to each claim.

## IV. Conclusion

The Court will deny the Petition with prejudice because all claims asserted in it are time-barred and will deny a certificate of appealability with respect to each claim.

An appropriate Order follows.

Date:  December 2, 2022              /s/ Patricia L. Dodge
                                     PATRICIA L. DODGE
                                     United States Magistrate Judge